

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul Riley*  
*Assistant United States Attorney*  
*Paul.Riley@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4959*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*

October 23, 2020

**<u>VIA ECF</u>**

The Honorable Ellen L. Hollander
United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:   *United States v. Michael Davis, Jr.*, Criminal No. ELH-20-00009

Dear Judge Hollander:

The Government writes this letter in advance of the sentencing of Defendant Michael Davis, Jr., which is scheduled for November 6, 2020 at 11:00 AM. On July 29, 2020, the Court accepted the Defendant's guilty plea to Count I of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846.

As calculated in the Presentence Investigation Report ("PSR"), the Defendant's total offense level is 23, and his criminal history category is I. PSR at 18. Thus, the advisory guidelines provide for a range of 46 to 57 months' imprisonment.

As set forth more fully below, the Government requests that the Court sentence the Defendant to a guideline term of imprisonment.

**I.     Background**

As agreed by the parties in the plea agreement and as set out in the PSR, in the spring of 2019, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into drug trafficking activity in the Pigtown area of Baltimore City, which was prompted by heavy drug activity in the area, as well as various shootings and homicides. In connection with investigation, the ATF placed an undercover ATF Special Agent ("UC") and Confidential Informant ("CI") in the area who conducted numerous controlled purchases of drugs and firearms from Davis, Jr. and others—many of which were audio and visually recorded.

The ATF UC and CI conducted more than 20 controlled purchases from Davis Jr.—purchasing cocaine base, cocaine, heroin, and fentanyl (as confirmed by later obtained lab results) from him on various occasions from June 2019 through October 2019. The ATF likewise conducted five controlled purchases of cocaine base from Co-conspirator 1 during this time period, often on the same day as the purchases from Davis, Jr.

Law enforcement also purchased five firearms from Davis, Jr.: (1) A Colt Frontier Six Shooter Revolver, SN: 41625; (2) A Davenport W.H. Firearms Shotgun, SN: 96679; (3) A Springfield Armory P9 .40 Caliber Firearm, SN: AM20451; and (4) a Bersa, model Thunder 380, .380 caliber firearm,

SN: 481987; and (5) a Chiappa Firearms Ltd. Model M9, .9mm firearm SN: T6368-13 B01909. Davis, Jr. is not licensed to sell firearms.

For example, on June 20, 2019, Davis, Jr. in the area of Ostend and Glyndon Street distributed gel caps containing fentanyl to the ATF CI and that same day sold the CI the Colt Frontier Six Shooter Revolver referenced above.

On September 17, 2019, Davis, Jr. in the area of Ostend and Glyndon Street distributed cocaine to the ATF CI and that same day sold the CI the Davenport Shotgun referenced above.

On October 2, 2019, Davis, Jr. in the area of Ostend and Glyndon Street distributed cocaine base to the ATF CI and that same day sold the CI the Springfield Armory P9 .40 Caliber Firearm referenced above.

On October 24, 2019, Davis Jr. in the area of Ostend and Glyndon Street distributed cocaine, cocaine base, and fentanyl to the ATF CI and that same day—together with Co-conspirator 1—sold the ATF CI the Bersa, model Thunder 380, .380 caliber firearm referenced above.

On October 31, 2019, Davis Jr. in the area of Ostend and Glyndon Street distributed cocaine and fentanyl to the ATF CI and that same day sold the ATF CI the Chiappa Firearms Ltd. Model M9, 9mm firearm referenced above. Further, on more than 15 other occasions, including on August 1, 2019 and October 30, 2019, Davis Jr. sold controlled substances to the ATF CI—frequently at the same time as and in coordination with Co-conspirator 1.

On January 14, 2020, Davis. Jr. was arrested at 1502 Sycamore St., Baltimore, MD, the home of his girlfriend.

The Defendant conspired with Co-conspirator 1 and other members of the conspiracy to distribute cocaine base and that it was reasonably foreseeable to him that more than 28 grams of cocaine base would be distributed by members of the conspiracy.

## II.     Guidelines Computation

The Defendant's offense level under the PSR as to Count I— Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances—is correctly calculated at an adjusted level of 23. PSR ¶¶ 22-32. Defendant is a Criminal History Category I. PSR at 18. Thus, the guidelines range is 46-57 months' imprisonment. *Id.*

## III.    Sentencing Factors Under 18 U.S.C. § 3553(a)

A sentence of imprisonment within the guidelines range is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Consideration of several of the Section 3553(a) factors supports such a sentence.

As an initial matter, such a sentence is appropriate in light of the nature and circumstances of the offense. As noted above, the Defendant's crime is undoubtedly serious. The Defendant, over an approximately five-month period, on numerous occasions (at least 20) sold cocaine base, cocaine, heroin, and fentanyl drugs to an ATF undercover CI. Further, the Defendant's offense is likewise aggravated by the fact that he not only maintained an illegal business selling drugs, but also was all too willing to sell firearms for profit in connection with that illegal business. Indeed, on five occasions, he sold five firearms to the ATF CI—a shotgun, a revolver, and several semi-automatic pistols. The human toll of the drug epidemic is well-documented and the danger that firearms—and particularly firearms being sold in tandem with illegal drugs—pose is significant. Indeed, it goes without saying that drugs and firearms are a volatile and potentially deadly combination anywhere—but particularly in Baltimore City given its current climate.

And though it appears to be true that the Defendant was a street-level seller of drugs—rather than a source of a supply—the fact remains that he committed a serious crime, and that crime warrants a serious punishment.

A guidelines sentence is also necessary to deter the Defendant from participating in criminal acts of this sort in the future.  The Defendant has no past no convictions.  But he does have a number of past arrests, including arrests involving drugs, PSR ¶¶ 43, 45, just like the offense at issue here.  Given the Defendant's lack of criminal history, it is hard to say exactly how long of a sentence will deter the Defendant from engaging in further criminal, but a guidelines sentence—which of course takes into account the Defendant's lack of criminal history—will likely provide a sufficient measure of deterrence.  General deterrence is likewise important in this case.  Those who would consider selling drugs and firearms as a way to make money quickly need to know that they will face significant consequences if they choose to do so and are caught and prosecuted.

Finally, the trauma Defendant has experienced in his life along with his mental health and addition issues, PSR ¶¶ 61-64, perhaps provides some explanation for the Defendant's criminal conduct.  But they certainly do not excuse it.  Indeed, while the offense conduct here might ordinarily justify a higher sentence,[1] factoring in the Defendant's history and characteristics, the Government recommends a sentence within the guidelines range for Count One.

### IV.     The Government's Sentencing Recommendation

In light of all of the factors set forth above, the Government recommends that the Court sentence the Defendant to term of imprisonment within the guidelines range of 46 to 57 months.  Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

Robert K. Hur
United States Attorney

By:  /s/
Paul A. Riley
Lauren E. Perry
Assistant United States Attorneys

cc:   Jon Van Hoven, Esq. (by ECF)
      Natalie Vallandingham, U.S. Probation Officer (by electronic mail)

---

[1] Given the quantity of drugs involved, the Government could have charged an offense that carried a mandatory minimum sentence of 60 months' imprisonment, *see* 18 U.S.C. § 841(b)(1)(B)(iii), (5 year mandatory minimum term of imprisonment triggered where offense involved at least 28 grams of cocaine base), but did not do so.